MAGGIE B. HENDERSHOT

*v.*

THOMAS SHIELDS'S, executor.

The rule that where there are conflicting expressions or clauses in a will, the last must prevail, applied to a case where there were three repugnant and irreconcilable provisions, and the estate ordered to be settled and distributed according to the directions of the last clause.

On bill and answer.

*Mr. L. Dewitt Taylor,* for complainant.

*Mr. W. H. Morrow,* for defendant.

BIRD, V. C. ·

The construction of the will of Thomas Shields is asked for by this bill. The doubt which induced the complainant to file her bill arises under the seventh and eleventh and twelfth sections of the will. So much of them as is essential I will transscribe:

"*Seventh.* My executor is hereby directed to lease and rent out all my real estate while the same shall remain unsold, and receive the rents thereof until possession thereof is taken by a purchaser. The net amount of which rents, after deducting the charges for the repair and insurance of the property, shall be a part of the income, and not of the principal of my estate."

"*Eleventh.* As soon as my executor shall have completed, as near as· he reasonably can, the payment of my debts, the specific legacies aforesaid and the expenses of settling my estate up to that time, my executors shall add together the gross amount of my personal estate, all moneys which have accrued from the rents or sales of my real estate, and for rent or royalty for iron ore mined up to that time and all moneys received from all other sources, from which sum he shall deduct the aforesaid payments and any known liabilities. The balance shall constitute the principal of my estate as first ascertained, and shall be invested and kept at interest on as good security as can reasonably be procured, and the interest or dividends thereon shall constitute the income of my estate; said principal shall afterwards be

increased by all moneys received for land sold afterwards, and by such rents or royalties for iron ore mined as is hereinbefore made or ordered to be principal, and said income shall afterwards be increased by the annual net rents which shall afterwards accrue on my real estate and be received, by the interest on the money received for land sold afterwards and by the rents or royalties for iron ore sold, hereinbefore declared income."

" *Twelfth.* Out of the income for each current year after the same shall begin to accrue as aforesaid, my executor shall first pay all taxes which shall be assessed on said principal, and the annual charges and commissions for investing said principal, and collecting and disbursing said income, and also the aforesaid annuity to my wife. The balance of such income shall be divided into ten equal parts, one of which I do hereby give, devise and bequeath to each of my ten children, to be paid to each or expended for the benefit of each, annually, during the natural life of each; no share of any of my said children shall ever be subject to be surrendered or levied upon to discharge any judgment or to satisfy any execution against the child of mine entitled thereto, and my executor shall pay the same personally to each child entitled thereto, and said executor shall never make any payment thereof to any assignee of any of my children, but such assignment shall be absolutely void for any and every part thereof."

I cannot construe these clauses so that they shall all stand. No sort of interpretation will enable me to do so. Transpose or interpolate as I may, I find a conflict. It would seem, therefore, that the wise rule that a will must be so construed that every part must stand if possible, must in this case be departed from. I suppose, however, even in such case, there is no sacrifice of principle if the meaning of the testator can be clearly ascertained, since his intention is the great object to be kept steadily in view. That other rule providing for such exigencies as we are now considering, *i. e.*, where there are conflicting expressions or clauses, the latter must prevail, comes to our relief in this case. I conclude, therefore, that the settlement and distribution of this estate are to be made according to the directions of the twelfth section. I shall so advise. I think the complainant is entitled to costs out of the estate. I cannot say it was so plain a case as to warrant her in rejecting, or in the belief that the court would reject, any portion of this will.